**Chun Hua XUE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72710.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 18, 2004.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., John D. Williams, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

Chun Hua Xue, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an Immigration Judge's ("IJ") denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We review for substantial evidence and will reverse the BIA's determination only if the petitioner shows that the evidence compels such a result. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). Here, substantial evidence supports the IJ's finding that the mistreatment Xue suffered at the hands of the local Chinese police was on account of a land dispute with his neighbor, and not on account of Xue's actual or imputed political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that a petitioner must provide *"some evidence"* of the persecutors' motives that would compel a reasonable factfinder to find that he was persecuted *"because of ... political opinion"*).

By failing to qualify for asylum, Xue necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Finally, because Xue did not present the CAT claim in his appeal to the BIA, it cannot be addressed in this court. *See, e.g., Khourassany v. INS,* 208 F.3d 1096, 1099 (9th Cir.2000).

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.